```
1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street,
3  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
4  Facsimile:  (415) 268-7522

5  Attorney for Defendant
   TONAL SYSTEMS, INC.P
6
```

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TONAL SYSTEMS, INC., and DOES 1-100, inclusive,<br><br>Defendant. | Case No. **'23CV1267 JES  BGS**<br><br>**DEFENDANT TONAL SYSTEMS, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1446(d)]<br><br>[Superior Court of California, County of San Diego; Case No. 37-2023-00023025-CU-CO-CTL] |

1  PLEASE TAKE NOTICE that Defendant Tonal Systems, Inc. ("Tonal") hereby removes this case from the Superior Court of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.  INTRODUCTION

On June 1, 2023, Plaintiff, on behalf of herself and a proposed class of similarly situated individuals, filed a civil action in the Superior Court of California for the County of San Diego, entitled *Julie Jones, individually and on behalf of all others similarly situated, v. Tonal Systems, Inc., and Does 1-100, inclusive*, No. 37-2023-00023025-CU-CO-CTL. (Ex. 1, Declaration of Tiffany Cheung in Support of Defendant's Notice of Removal ("Cheung Decl.") ¶ 2, Ex. A ("Compl.").) Tonal now removes this proposed class action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for the reasons discussed herein.

## II.  REMOVAL IS TIMELY

On June 9, 2023, Tonal was served with the Complaint in this action. (Ex. 2, Declaration of Andrea Soria in Support of Defendant's Notice of Removal ("Soria Decl.") ¶ 2.) This notice of removal is therefore timely under 28 U.S.C. § 1446(b).

## III.  REMOVAL UNDER CAFA IS PROPER

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). On the face of Plaintiff's Complaint, this action satisfies all requirements and removal under CAFA is proper.

### A. Covered Class Action

Plaintiff alleges that Tonal "has covertly embedded [on Tonal's website] a third-party's code into its chat feature that automatically records and creates transcripts" of website users' use of the chat feature. (Compl. ¶ 15.) Plaintiff further alleges Tonal allows a third-party, Drift, to "intercept in real time, eavesdrop upon, interpret, analyze, store, and use" transcripts of the website users' use of the chat feature. (*Id.*) Based on these allegations, Plaintiff purports to bring this action on behalf of a class of "[a]ll persons within the state of California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on the Website, and (2) whose communications were recorded and/or eavesdropped upon in real time by Drift or any other third party without prior consent." (*Id.* ¶ 32.) This action is therefore a "class action" under CAFA because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a)-(b).

### B. Numerosity and Minimal Diversity

To meet CAFA's minimal diversity requirement, the citizenship of a defendant need only be diverse from the citizenship of any class member—named or unnamed. 28 U.S.C. § 1332(d)(1)(D) (defining "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"). Here, Tonal is a global corporation headquartered in California and incorporated in Delaware. (Compl. ¶ 4; Soria Decl., ¶ 3); *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (Corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (citing 28 U.S.C. § 1332(c)(1))). Plaintiff alleges she is a California resident, (Compl. ¶ 3), but seeks to represent a proposed class of more than 100 persons who reside across the country. (*Id.* ¶¶ 32, 34.) Specifically, "Plaintiff believes there are *hundreds of thousands* of members of the

Class *widely dispersed throughout the United States*." (*Id.* ¶ 34 (emphasis added).) Based on the alleged numerosity and citizenship of members of the proposed class, the requirements of numerosity and minimal diversity are satisfied.

### C. Amount in Controversy

In determining whether the amount in controversy exceeds $5,000,000, the claims of the individual class members are aggregated. 28 U.S.C. § 1332(d)(6). Where, as here, the Complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015). No submission of evidence accompanying the removal notice is required. *Dart Cherokee*, 574 U.S. at 89. Tonal satisfies its burden with "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*

Tonal disputes Plaintiff's allegations and that it is liable to Plaintiff or the proposed class.[1] A plain reading of the Complaint, however, demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal. Plaintiff asserts four causes of action under (1) California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a); (2) CIPA, Cal. Penal Code § 632.7; (3) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) California's Constitution, Cal. Const., 1 § 1. (Compl. ¶¶ 39-69.) Among other requests for relief, Plaintiff seeks on behalf of herself and the proposed class: damages, including statutory damages; injunctive relief; and attorneys' fees. (Compl., Prayer for Relief ¶¶ A-H.)

CAFA's amount-in-controversy threshold is satisfied with Plaintiff's prayer for statutory damages under CIPA alone. (*Id.* ¶ E.) CIPA authorizes damages of the greater of: (1) "five thousand dollars ($5,000) per violation" and (2) "three times

---

[1] Tonal specifically reserves all rights to challenge the Complaint on all available grounds.

the amount of actual damages, if any, sustained by the plaintiff" for "[a]ny person who has been injured by a violation" of the statute. Cal. Penal Code § 637.2. Plaintiff alleges she "believes" the size of the proposed class to be in the "hundreds of thousands." (Compl. ¶ 34.) Plaintiff further asserts a theory that each proposed class member's use of the chat feature constitutes a discrete CIPA violation, alleging that "Defendant's conduct constitutes numerous independent and discreet [*sic*] violations of Cal. Penal Code § 631(a)." (Compl. ¶ 50; *see also id.* ¶¶ 39-56.) Thus, Plaintiff's alleged statutory damages alone place the amount in controversy well over $5,000,000, thereby satisfying CAFA's jurisdictional threshold.

Plaintiff's other requests for relief also substantially increase the already-satisfied amount in controversy. For instance, Plaintiff seeks "injunctive relief" under Cal. Penal Code § 631(a), as well as attorneys' fees. (Compl. ¶ 50; *id.*, Prayer for Relief ¶¶ D, F.) While Tonal disputes that Plaintiff is entitled to any relief, including any injunctive relief or attorneys' fees, the value of such requested relief must also be included in determining the amount in controversy. *See, e.g.*, *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A]ttorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (including requested injunctive relief in calculating amount in controversy).

Therefore, Plaintiff's allegations satisfy CAFA's $5,000,000 amount in controversy requirement, exclusive of interest and costs.

## IV. VENUE IS PROPER

The Superior Court of California, County of San Diego, is located within the Southern District of California. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. §§ 1441(a) and 1446(a).

## V. NOTICE TO STATE COURT AND PLAINTIFF

Counsel for Tonal certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing of this Notice of Removal to Plaintiff through

Plaintiff's counsel of record and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego.

## VI. CONCLUSION

For the foregoing reasons, Tonal submits that this action is removed properly under the Class Action Fairness Act. By filing this Notice of Removal, Tonal does not waive, either expressly or implicitly, its right to assert any defense it could have asserted in the Superior Court of California, County of San Diego.

Dated: July 7, 2023

MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
   Tiffany Cheung
   TCheung@mofo.com

*Attorney for Defendant*
TONAL SYSTEMS, INC.