# EXHIBIT 1

1   TIFFANY CHEUNG (CA SBN 211497)
    TCheung@mofo.com
2   MORRISON & FOERSTER LLP
    425 Market Street,
3   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
4   Facsimile:  (415) 268-7522

5   Attorneys for Defendant
    TONAL SYSTEMS, INC.
6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  JULIE JONES, individually and on        Case No. **'23 CV 1267 JES  BGS**
    behalf of all others similarly situated,
12                                           **DECLARATION OF TIFFANY**
                   Plaintiff,                **CHEUNG IN SUPPORT OF**
13                                           **DEFENDANT TONAL SYSTEMS,**
          v.                                 **INC.'S NOTICE OF REMOVAL**
14
    TONAL SYSTEMS, INC., and DOES            [28 U.S.C. § 1446(d)]
15  1-100, inclusive,
                                             [Superior Court of California, County
16                 Defendant.                of San Diego; Case No. 37-2023-
                                             00023025-CU-CO-CTL]
17

18

19

20

21

22

23

24

25

26

27

28

sf-5583043

I, Tiffany Cheung, declare:

1.     I am a member of the Bar of the State of California and a partner in the law firm Morrison & Foerster LLP, counsel of record for Defendant Tonal Systems, Inc. in the above-captioned action. I have personal knowledge of the matters set forth below and, if called upon to do so, I could and would competently testify to such matters under oath.

2.     Attached as **Exhibit A** is a true and correct copy of the civil action filed by Plaintiff Julie Jones, purportedly on behalf of herself and all similarly situated individuals, in the Superior Court of California, County of San Diego, entitled *Julie Jones, individually and on behalf of all others similarly situated, v. Tonal Systems, Inc., and Does 1-100, inclusive*, Case No. 37-2023-00023025-CU-CO-CTL.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 7th day of July, 2023 in San Francisco, California.


_____
     */s/ Tiffany Cheung*
       Tiffany Cheung

CHEUNG DECL ISO NOTICE OF REMOVAL

sf-5583043

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TONAL SYSTEMS, INC., and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JULIE JONES, individually and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/01/2023** at 03:44:38 PM
Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

County of San Diego, 330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2023-00023025-CU-CO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald A. Marron, Law Offices of Ronald A. Marron, APL, 651 Arroyo Drive, San Diego, California 92103, Tel: (619) 696-9006

DATE: 06/02/2023                    Clerk, by _Vanessa Sezenol_ , Deputy
*(Fecha)*                           *(Secretario)* V. Sezenol     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Julie Jones |
|---|
| DEFENDANT(S): Tonal Systems Inc |
| SHORT TITLE: JONES VS TONAL SYSTEMS INC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00023025-CU-CO-CTL |
|---|---|

Judge: Keri Katz                                            Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                 Name of Defendant

_____        _____
Signature                                         Signature

_____        _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____        _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/02/2023                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | *FOR COURT USE ONLY* |
|---|---|---|
| STREET ADDRESS: 330 W Broadway | | |
| MAILING ADDRESS: 330 W Broadway | | |
| CITY AND ZIP CODE: San Diego CA 92101-3827 | | |
| BRANCH NAME: Central | | |

| Short Title: Jones vs Tonal Systems Inc [IMAGED] | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2023-00023025-CU-CO-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Ronald Marron |
| On Behalf of: | Julie Jones |
| Transaction Number: | 21699603 |
| Court Received Date: | 06/01/2023 |
| Filed Date: | 06/01/2023 |
| Filed Time: | 03:44 PM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2023-00023025-CU-CO-CTL |
| Case Title: | Jones vs Tonal Systems Inc [IMAGED] |
| Location: | Central |
| Case Type: | Contract - Other |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management Conference | | 11/03/2023 | 10:00 AM | Central | C-74 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |

---

06/02/2023                    **NOTICE OF CONFIRMATION OF FILING**

Contact Person:          Customer Support
Phone:                   (800) 938-8815



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00023025-CU-CO-CTL          CASE TITLE: Jones vs Tonal Systems Inc [IMAGED]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _**and**_
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
* In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
* In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

| PLAINTIFF(S) / PETITIONER(S):   Julie Jones |
| --- |
| DEFENDANT(S) / RESPONDENT(S):  Tonal Systems Inc |
| JONES VS TONAL SYSTEMS INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
| --- | --- |
| | 37-2023-00023025-CU-CO-CTL |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                                    Department: C-74

**COMPLAINT/PETITION FILED:** 06/01/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 11/03/2023 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

1  **LAW OFFICES OF RONALD A. MARRON**
   RONALD A. MARRON (SBN 175650)
2  *ron@consumersadvocates.com*
   ALEXIS M. WOOD (SBN 270200)
3  *alexis@consumersadvocates.com*
   KAS L. GALLUCCI (SBN 288709)
4  *kas@consumersadvocates.com*
5  651 Arroyo Drive
   San Diego, California 92103
6  Telephone: (619) 696-9006
   Facsimile: (619) 564-6665
7

8  [Additional counsel listed on signature page]

9  *Attorneys for Plaintiff and the Proposed Class*

10

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**06/01/2023** at 03:44:38 PM
Clerk of the Superior Court
By Vanessa Sezenol,Deputy Clerk

11      **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
12      **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

13  JULIE JONES, individually and on behalf of all         Case No.    37-2023-00023025-CU-CO-CTL
    others similarly situated,
14
15                    Plaintiff,                           **CLASS ACTION COMPLAINT**
16              v.                                         **JURY TRIAL REQUESTED**
17  TONAL SYSTEMS, INC., and DOES 1-100,
    inclusive,
18
19
20                    Defendant.
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

Plaintiff Julie Jones ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendant Tonal Systems, Inc., ("Defendant") as the owner and operator of Tonal.com (the "Website") for violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630–638 and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff's claims arise from Defendant's secret integration of third parties' software to secretly wiretap and eavesdrop on the private conversations of users of the chat features on the Website in real time and Defendant's practice of allowing Third Parties to do so in order to harvest data for financial gain. Defendant did not obtain visitors' consent to either the wiretapping or sharing of their private conversations. As a result, Defendant and the third parties have violated the CIPA in numerous ways.  Plaintiff brings these claims based upon personal knowledge, where applicable, information and belief, and the investigation of counsel, which included, among other things, consultations with experts in the field of data privacy.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over all causes of action asserted herein.

2.    Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

**PARTIES**

3.    Plaintiff Julie Jones is a resident and citizen of California.

4.    Defendant Tonal Systems, Inc., or Defendant, is a multinational corporation headquartered in California, that does business in California, and owns, operates, and/or controls the Website Tonal.com.

5.    The true names and capacities of Defendants sued as Does 1 through 100 are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100 when ascertained. Plaintiff is informed and believe, and thereupon alleges, that each of the Doe

1

*Jones v. Tonal Systems, Inc.*
CLASS ACTION COMPLAINT

1  Defendants, jointly and severally, are in some manner responsible for the damages alleged herein.

2  Any reference to "Defendant" or "Defendants" includes Does 1 through 100, inclusive.

3      6.      At all relevant times, each Defendant was an agent, servant, employee, partner,

4  and/or joint venture of the other Defendants. At all such times relevant to this complaint, each

5  Defendant was acting within the course and scope of his relationship as agent, servant, employee,

6  partner, and/or joint venture of the other Defendants. Each Defendant had actual or constructive

7  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced

8  in, and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said

9  wrongful acts.

10     7.      Defendants, and each of them, aided and abetted, and rendered substantial

11  assistance to the other Defendants in breaching their obligations to Plaintiff as alleged herein. In

12  taking action, as alleged herein, to aid and abet and substantially assist the commissions of these

13  wrongful acts and other wrongdoings complained of, each Defendant had actual knowledge of the

14  wrongful acts and realized that its conduct would substantially assist the accomplishment of the

15  wrongdoing alleged herein.

16     8.      Defendants reached an agreement to perform the acts complained of herein, all were

17  direct, necessary, and substantial participants in the conspiracy and common course of conduct

18  complained of herein; and each was aware of its overall contribution to and furtherance of the

19  conspiracy and common course of conduct. Defendants' common acts include, *inter alia*, all of

20  the acts that each of them is alleged to have committed in furtherance of the wrongful scheme

21  complained of herein.

22                          **STATEMENT OF FACTS**

23     9.      The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and

24  eavesdropping of electronic communications without the consent of all parties to the

25  communication.

26     10.     The CIPA provides that it is a violation of Cal. Penal Code § 631(a) for any person

27  "by means of any machine, instrument, contrivance, or in any other matter," to do any of the

28  following:

2

1         Intentionally tap[], or make[] any unauthorized connection, whether physically,

2         electrically, acoustically, inductively or otherwise, with any telegraph or

3         telephone wire, line, cable, or instrument, including the wire, line, cable, or

4         instrument of any internal telephonic communication system,

5         or

6         Willfully and without the consent of all parties to the communication, or in any

7         unauthorized manner, read[] or attempt[] to read or learn the contents or

8         meaning of any message, report, or communication while the same is in transit

9         or passing over any wire, line or cable or is being sent from or received at any

10        place within this state,

11        or

12        Use[], or attempt[] to use, in any manner, or for any purpose, or to communicate

13        in any way, any information so obtained,

14        or

15        Aid[], agree[] with, employ[], or conspire[] with any person or persons to

16        unlawfully do, or permit or cause to be done any of the acts or things mentioned

17        above in this section.

18      11.    Section 631(a) is not limited to phone lines. *See Matera v. Google Inc*., No. 15-CV-

19 04062-LHK, 2016 WL 8200619, at *21(N.D. Cal. Aug. 12, 2016) (CIPA applies to "new

20 technologies" and must be construed broadly to effectuate its remedial purpose of protecting

21 privacy); *Bradley v. Google, Inc*., No. C 06-05289-WHA, 2006 WL 3798134, at *5-6 (N.D. Cal.

22 Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet*

23 *Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (reversing dismissal of CIPA and common law

24 privacy claims based on Facebook's collection of consumers' Internet browsing history).

25      12.    Compliance with CIPA is easy, and the vast majority of website operators comply

26 by conspicuously warning visitors if their conversations are being recorded or if third parties are

27 eavesdropping on them. "CIPA compliance is not difficult. A business must take certain steps…

28

*Jones v. Tonal Systems, Inc.*
CLASS ACTION COMPLAINT

with a chat feature… to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA."[1]

13.    Unlike most companies, Defendant ignores CIPA.  Instead, Defendant allows Third Parties to wiretap and eavesdrop on the chat conversations of all its website visitors.   Why? Because, as one industry expert notes, "Live chat transcripts are the gold mines of customer service.  At your fingertips, you have valuable customer insight to make informed business decisions. . .When people are chatting, you have direct access to their exact pain points."[2]

14.    Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

15.    To enable the wiretapping, Defendant has covertly embedded a third-party's code into its chat feature that automatically records and creates transcripts of all such conversations.  To enable the eavesdropping, Defendant allows at least one independent Third Party (on information and belief, "Drift") to secretly intercept in real time, eavesdrop upon, interpret, analyze, store, and use for that Third-Party's own purposes transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and deeply personal.

16.    Chat communications on the Website are intercepted by Drift while those communications are in transit, and this is accomplished because the imbedded code directs those communications to be routed directly to Drift. Drift's chat service is an Application Programming Interface (API) that is "plugged into" the Website. The chat function is run from Drift's servers but allows for chat functionality on the Website. In other words, Drift runs the chat service from its own servers, but consumers interact with the chat service on Defendant's Website, so it appears they are *only* communicating with a company representative of Defendant.

---

[1] *See* www. leechtishman.com/insights/blog (last accessed February 2023).

[2] *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last accessed February 2023).

17.    Thus, whenever a chat message is sent from a member of the Class to Defendant, it is first routed through Drift's server. This enables Drift to analyze, interpret, and collect customer-support agent interactions in real time to create live transcripts of communications *as they occur*, among other services.

18.    Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.  By contrast, Drift boasts that it harvests data from the chat transcripts it intercepts, eavesdrops upon, interprets, analyzes, stores, and uses for a variety of its own purposes—all without Plaintiff's or class members' consent—saying, "In short, Drift does not allow conversations to be deleted. This is because Drift doesn't want to lose any activity with your contacts and/or leads. Instead of deleting conversations, Drift utilizes Conversation Statuses to help organize your chats."[3]

19.    Further, Drift claims that it analyzes Plaintiff's and class members' conversations to determine the likelihood they will buy a product or service from Defendant. Specifically, Drift creates a "CQL score" for each unsuspecting visitor based on the degree to which Drift's AI thinks (1) they are interested in buying Defendant's produce or service and (2) their goals can be accomplished with Defendant's product or service. Each unsuspecting visitor has their conversations analyzed in combination with numerous other attributes that Drift has collected about the visitor, including through "Drift Intel." Drift Intel is comprised of Salesforce record details, HubSpot record details (using the email address of the visitor or data collected using the HubSpot cookie), a visitor's recently visited webpages, and the "full activity timeline" of the visitor. This data is measured in tandem with every detail that Drift can collect about a visitor's chat conversation, including the full transcript of the conversation, the date and time the conversation began, the IP address of the visitor, the web browser they used to access the Website (Chrome, Firefox, etc.), the device they used to have the chat conversation (iPhone 14, Microsoft Surface Pro, etc.), and which words in the visitor's conversation triggered Drift's software to route the visitor to a particular person or "bot playbook." Drift then creates an audit log to explain why

---

[3] *See* https://gethelp.drift.com/s/article/Live-Chat-Product-Guide (last accessed April 2023).

5

the software analyzed the visitor in a particular way and creates "tags" to label and organize the visitor's conversation with other unsuspecting visitors' conversations. These are but a few examples of how Drift used and uses Plaintiff's and class members' conversations with Defendant that it intercepted in real time without Plaintiff's and class members' consent.[4]

20.      In addition, Drift utilizes a number of cookies to record a Website visitor's activity during and after the visitor's chat sessions with Defendant and to link to a current chat the transcripts of previously intercepted chats between the visitor and Defendant.[5]

21.      These are but a few examples of how Drift used and uses Plaintiff's and class members' conversations with Defendant that it intercepted in real time without Plaintiff's and class members' consent.

22.      Drift's exploitation, modernization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

23.      Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the Website's chat feature. Visitors would be shocked and appalled to know that Defendant secretly records those conversations and allows a third party to secretly eavesdrop on these recorded conversations in real time under the guise of "data analytics." Visitors would also be shocked to learn that Defendant allows a third party to interpret, analyze, and also use these intercepted conversations for that third party's own uses and business purposes.

24.      Defendant's conduct is illegal, offensive, and contrary to visitor expectations: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

25.      Within the statute of limitations period, Plaintiff visited the Website. Plaintiff and the class members used smart phones (cellular telephones with integrated computers to enable web

---

[4] https://gethelp.drift.com/s/article/Live-Chat-Product-Guide (last accessed April 2023).

[5] https://gethelp.drift.com/s/article/Live-Chat-Product-Guide (last accessed April 2023).

6

browsing) and/or wifi-enabled tablets and laptops that use a combination of cellular and landline telephony and engaged with the "chat" feature of the Website to communicate with Defendant. As such, class member conversations with Defendant were transmitted from "cellular radio telephones" and/or "landline telephones" as defined by CIPA.

26.    By definition, Defendant's chat communications from its website are transmitted to website visitors by either cellular telephony or landline telephony.[6]

27.    Defendant did not inform Class Members that Defendant was secretly recording their chat conversations or allowing, aiding, and abetting Drift to intercept and eavesdrop on them in real time.

28.    Defendant did not inform Class Members that Defendant was allowing, aiding, or abetting Drift to read, attempt to read or to learn the contents or meaning of Class Members' chat conversations on the Website in real time while those conversations were being sent from or received in California.

29.    Defendant did not inform Class Members that Defendant was allowing, aiding, or abetting Drift to use or attempt to use or to communicate information previously obtained from Class Members' chat conversations on the Website—let alone to exploit that information for financial gain.

30.    Defendant did not obtain Class Members' express or implied consent to wiretap or allow Drift to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly recording them and allowing third parties to eavesdrop on them.

31.    Indeed, on information and belief, Defendant knew that being truthful and transparent about their conduct may dissuade people from using the chat feature of the Website—and thereby deprive Defendant of those persons' valuable data that Defendant sought to secretly and sophisticatedly exploit.

---

[6] *See* https://www.britannica.com/technology/Internet, *"The Internet works through a series of networks that connect devices around the world through telephone lines"* (last downloaded February 2023).

7

1

**CLASS ALLEGATIONS**

2      32.    Plaintiff brings this action individually and on behalf of all others similarly situated

3  (the "Class") defined as follows:

4           All persons within the state of California who within the statute of limitations

5           period: (1) communicated with Defendant via the chat feature on the Website, and

6           (2) whose communications were recorded and/or eavesdropped upon in real time

7           by Drift or any other third party without prior consent.

8      33.    Excluded from the Class are Defendant, its past or current officers, directors,

9  affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of

10  them have a controlling interest, as well as all judicial officers assigned to this case and their

11  immediate families.

12      34.    NUMEROSITY: Members of the Class are so numerous and geographically

13  dispersed that joinder of all members of the Class is impracticable. Plaintiff believes that there are

14  hundreds of thousands of members of the Class widely dispersed throughout the United States.

15  Class members can be identified from Defendant's records.

16      35.    COMMONALITY: Questions of law and fact common to the members of the Class

17  predominate over questions that may affect only individual members of the Class because

18  Defendant has acted on grounds generally applicable to the Class. Such generally applicable

19  conduct is inherent in Defendant's wrongful conduct. Questions of law and fact common to the

20  Class include:

21           a.     Whether Defendant caused electronic communications from Class Members with

22                  the Website to be recorded, intercepted, and/or monitored;

23           b.     Whether Defendant aided and abetted a third party in eavesdropping on such

24                  communications in real time;

25           c.     Whether Class Members consented to Defendant's disclosure of their private

26                  conversations to third parties in the manner required by CIPA [Cal. Penal Code §

27                  631(a)];

28

8

*Jones v. Tonal Systems, Inc.*
CLASS ACTION COMPLAINT

d.    Whether any Third Party read or attempted to read or to learn the contents or meaning of Class Members' chat conversations on the Website in real time while those conversations were being sent from or received in California;

e.    Whether any Third Party used or attempted to use or to communicate information that was previously intercepted from Class Members' chat conversations;

f.    Whether the Class is entitled to damages as a result of Defendant's conduct.

36.    <u>TYPICALITY:</u> As persons who visited the Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

37.    <u>ADEQUACY:</u> Plaintiff will fairly and adequately protect and represent the interests of the members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the members of the Class. Plaintiff is represented by counsel with experience in the prosecution of class action litigation generally and in the emerging field of digital privacy litigation specifically.

38.    <u>SUPERIORITY:</u> Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweighs potential difficulties in management of this class action. Plaintiff knows of no special difficulty to be encountered in litigating this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

**Aiding and Abetting Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631(a), Clause Four**

39.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

9

40.     Section 631(a) of California's Penal Code imposes liability upon any entity who "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) **"willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state"** or (3) **"uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained**[.]" Clause Two is often referred to as "interception," and Clause Three as "use."

41.     Section 631(a) also imposes liability upon any entity **"who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section"**.

42.     Here, Defendant aids and abets Drift to commit both unlawful interception and unlawful use under Section 631(a), surreptitiously and as a matter of course.

43.     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with the Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

44.     Drift's software embedded on the Website to intercept, eavesdrop upon, and record Plaintiff's and the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

45.     At all relevant times, Defendant intentionally caused the internet communications between Plaintiff and Class Members on the one hand and Defendant's Website on the other hand to be intercepted, eavesdropped upon, and recorded by Drift by using its software embedded into the Website. Defendant paid Drift for its services to do exactly that, and more.

10

1    46.    By its use of Drift's software, Defendant aided and abetted Drift to intercept and
2  eavesdrop upon such conversations in real time while those conversations were being sent from or
3  received in California.

4    47.    By its use of Drift's software, Defendant aided and abetted at least one third party
5  to read, attempt to read or to learn the contents or meaning of Plaintiff's and Class Members' chat
6  conversations on the Website in real time while those conversations were being sent from or
7  received in California.

8    48.    By its use of Drift's software, Defendant aided and abetted Drift to use or attempt
9  to use or to communicate information previously intercepted from Plaintiff's and Class Members'
10  chat conversations on the Website while those conversations were being sent from or received in
11  California.

12    49.    Plaintiff and Class Members did not expressly or impliedly consent to any of
13  Defendant's actions.

14    50.    Defendant's conduct constitutes numerous independent and discreet violations of
15  Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory
16  damages.

17                          **SECOND CAUSE OF ACTION**
18                 **Violations of the California Invasion of Privacy Act**
19                          **Cal. Penal Code § 632.7**

20    51.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth
21  herein.

22    52.    Section 632.7 of California's Penal Code imposes liability upon anyone "who,
23  without the consent of all parties to a communication, intercepts or receives and intentionally
24  records, or assists in the interception or reception and intentional recordation of, a communication
25  transmitted between two cellular radio telephones, a cellular radio telephone and a landline
26  telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless
27  telephone and a cellular radio telephone."

28

11

*Jones v. Tonal Systems, Inc.*
CLASS ACTION COMPLAINT

1    53.    Plaintiff and the class members communicated with Defendant using telephony

2    subject to the mandates and prohibitions of Section 632.7.

3    54.    Defendant's communication from the chat feature on its website is transmitted via

4    telephony subject to the mandates and prohibitions of Section 632.7.

5    55.    As set forth above, Defendant recorded telephony communication without the

6    consent of all parties to the communication in violation of Section 632.7.

7    56.    As set forth above, Defendant also aided and abetted a third party in the

8    interception, reception, and/or intentional recordation of telephony communication in violation of

9    Section 632.7.

10    **THIRD CAUSE OF ACTION**

11    **Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

12    **("UCL")**

13    57.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

14    herein.

15    58.    Defendant's conduct set forth above in unlawful and in violation of CIPA and its

16    implementing regulations. As such, Defendant has violated the Unfair Competition Law's

17    "unlawful" prong with respect to the California Class members.

18    59.    Defendant's conduct violated Cal. Penal Code § 631 and thus violated the UCL's

19    unlawful prong.

20    60.    Defendant's conduct also invaded the privacy of the Plaintiff and Class Members

21    and was therefore unlawful and unfair.

22    61.    Defendant should be enjoined from making such additional invasions of privacy.

23    62.    Defendant should also be ordered to secure prior express consent before any further

24    wiretapping of electronic communication.

25    63.    Defendant should also be required to pay reasonable costs and attorneys' fees.

26

27

28

*Jones v. Tonal Systems, Inc.*
CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### Invasion of Privacy Under California's Constitution

64.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

65.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the CIPA. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 630.

66.     Plaintiff and other members of the Class have an interest in conducting personal activities (such as visiting websites), without observation or interference, including visiting websites and communicating without being subjected to secret wiretaps.

67.     Defendant intentionally invaded the privacy rights of Plaintiff and other members of the Class, and worked cooperatively with a third party to do so.

68.     This invasion of privacy is serious in nature and scope and constitutes a breach of social norms in the digital age.

69.     Thus, Plaintiff seeks all relief available for invasion of privacy under the California Constitution on behalf of herself and members of the alleged Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

A. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

B. An order declaring Defendant's conduct violates CIPA;

C. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

13

D. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

E. An order awarding damages, including statutory damages where appliable, to Plaintiff and the Class in amount to be determined at trial;

F. An Order awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G. An Order awarding Plaintiff and the Class pre-judgment and post-judgment interest, to the extent allowable; and

H. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

**JURY DEMAND**

Plaintiff, individually and on behalf of the proposed Class, demands a trial by jury on all issues so triable.

DATED: June 1, 2023                                       Respectfully Submitted,

Ronald A. Marron

**LAW OFFICES OF**
**RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
ALEXIS M. WOOD
*alexis@consumersadvocates.com*
KAS L. GALLUCCI
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
BRANDON M. WISE
(IL Bar # 6319580)*
*bwise@peifferwolf.com*
818 Lafayette Ave.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Floor 2
St. Louis, MO 63104
Tel: (314) 833-4825

ANDREW R. TATE
(GA Bar # 518068)*
*atate@peifferwolf.com*
235 Peachtree Street NE
Suite 400
Atlanta, GA 30303
Tel: (404) 282-4806

*(pro hac vice forthcoming)*

**Counsel for Plaintiff and the
Proposed Class**

15